Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

| | |
|---|---|
| IN RE:<br><br>MACHINERY TRANSPORT, INC.,<br><br>      Debtor. | CASE NO. 5:15-bk-50210<br><br>CHAPTER 7<br><br>JUDGE FRANK W. VOLK |
| ROBERT L. JOHNS, TRUSTEE,<br><br>      Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK in Ronceverte,<br><br>      Defendant,<br><br>and<br><br>PREMIER BANK, INC., as Successor in Interest to First National Bank,<br><br>      Defendant and Third-Party Plaintiff,<br><br>v.<br><br>RONALD K. COOK,<br><br>      Third-Party Defendant. | ADVERSARY PROCEEDING NO.<br>5:16-ap-05010 |

**MEMORANDUM OPINION AND ORDER
DENYING RONALD K. COOK'S
MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Pending is Third-Party Defendant Ronald K. Cook's Motion to Dismiss Third-Party Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012

of the Federal Rules of Bankruptcy Procedure (the "Motion to Dismiss") [Dckt. 9], filed February 24, 2017. The Motion to Dismiss is ripe for adjudication.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). The Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

On January 25, 2017, Premier Bank, Inc. ("Premier"), as successor in interest to First National Bank ("FNB"), filed this Third-Party Complaint (the "Complaint") against Ronald K. Cook, alleging that he committed fraudulent actions as the Vice President of the Debtor Machinery Transport, Inc. (Dckt. 5). On February 24, 2017, Mr. Cook moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dckt. 9). On April 18, 2017, the Court held a hearing on the Motion to Dismiss.

Federal Rule of Civil Procedure 12(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), governs motions to dismiss. Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if the complaint fails to contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A 12(b)(6) motion requires a court to accept all well-pled allegations as true and to draw all reasonable factual inferences in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Furthermore, courts are not bound by "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000).

Based on the parties' submissions and arguments, it is **ORDERED** that the Third-Party Defendant Ronald K. Cook's Motion to Dismiss Third-Party Complaint be, and is hereby, **DENIED WITHOUT PREJUDICE**. Mr. Cook is given leave, following discovery, to seek judgment as a matter of law anew on the identified grounds.

The Clerk shall transmit a copy of this written opinion and order to all parties involved and their counsel, if any, and the United States Trustee.